GLENN v. STEWART et al., Appellants.

Division One, March 12, 1902.

1. **Admissibility of Rebuttal Testimony:** WITNESSES DISCHARGED. It is proper to permit plaintiff to introduce evidence in rebuttal whether defendant's witnesses are in court or not, or whether they have been discharged or not, for testimony in rebuttal should be carefully and strictly limited to disproof of the testimony adduced by the defendant.

2. ———: ———: NEWLY-DISCOVERED EVIDENCE: AGREEMENT: REOPENING CASE. At the approach of recess, plaintiff announced that he wished to introduce only one other witness, a doctor, and when the court insisted that he introduce him before recess he stated he was not in court. Thereupon, the court agreed that he might introduce him after the recess, and requested the attorneys to prepare their instructions, and discharged the witnesses. On reassembling the doctor had not come in and plaintiff offered to introduce a witness in rebuttal of the testimony of defendant, who was then in court,

to which defendant objected on the ground that the case had been closed and the witnesses discharged, and in reply to this the plaintiff stated that the facts he proposed to show by the witness were strictly in rebuttal, and that he had learned that the witness was cognizant of them for the first time within the recess hour. *Held,* that this proposed testimony was not of the character denominated newly-discovered evidence, and could not be disposed of as being cumulative, but was properly admissible as rebuttal, and the court erred in excluding it. The gravamen of the error is not that the proposed testimony might not have been rebuttal, but that the witness was not permitted to testify at all. *Held,* also, that the court was not justified in excluding the testimony on the ground that plaintiff had distinctly agreed that he had but one other witness, and he a doctor, since when this witness was offered, plaintiff also stated that he learned of the witness's knowledge since the adjournment for recess.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. Zachritz,* Judge.

AFFIRMED.

*Seddon & Blair* and *Robert A. Holland, Jr.,* for appellants.

(1) The court ruled correctly in the trial of the above cause, in excluding the testimony of Evans. It would have worked a great injustice to defendants had the court ruled otherwise, and such action would have been a manifest abuse of judicial discretion. Rucker v. Eddings, 7 Mo. 118; Mayor of Liberty v. Burns, 114 Mo. 426; Nelson v. Finseth, 57 N. W. (Minn.) 141; Eyerman v. City of Menomonie, 51 N. W. (Wis.) 1013; Peppett v. Railroad, 119 Mich. 640; McCloud, Love Co. v. Doud, 56 Neb. 270; Banning v. Purington 75 N. W. (Iowa) 639; Osgood v. Bander, 47 N. W. (Iowa) 1001. (2) The court erred in granting a new trial on the ground that Evans's testimony was wrongfully excluded, because the plaintiff saved no exception to the ruling of the court. Bray v. Kramp, 113 Mo. 552; Smith v. Dunklin

County, 83 Mo. 195. (3) The court erred in granting a new trial to plaintiff, because no new facts were brought to the attention of the court after the said trial that would authorize the court in so acting. Where a new trial is granted on the ground of newly-discovered evidence, it is a prerequisite that the party applying for same should file an affidavit showing what the said new testimony is; or to show why such affidavit is not filed. No such affidavit was filed in this case. State v. Nettles, 153 Mo. 468; State v. Ray, 53 Mo. 345; Culbertson v. Hill, 87 Mo. 553. (4) The court erred in granting plaintiff a new trial, because the affidavit filed by plaintiff does not set out what the alleged newly-discovered evidence is. Culbertson v. Hill, supra; State v. Schaefer, 56 Mo. App. 496. (5) The court erred in granting plaintiff a new trial, because no affidavit was filed showing that the new evidence relied upon is not merely cumulative. State v. Nettles, 153. Mo. 468; Folding Bed Co. v. Railroad, 148 Mo. 478; State v. Bybee, 149 Mo. 632; State v. Lucas, 147 Mo. 70; State v. Meyers, 115 Mo. 394. (6) The court erred in granting plaintiff a new trial on the ground of newly-discovered evidence, because the affidavit of plaintiff does not show that he used due diligence to obtain said evidence for the trial. State v. Nagel, 136 Mo. 45; State v. Luke, 104 Mo. 563; State v. Nickens, 122 Mo. 607; Maxwell v. Railroad, 85 Mo. 95; State v. Cantlin, 118 Mo. 100; Kelly v. Saunders, 35 Mo. 200. (7) The court erred in granting plaintiff a new trial on the ground of newly-discovered evidence because the affidavit filed by plaintiff does not aver that the verdict was unjust, and that the applicant has merits. Culbertson v. Hill, supra; Meechum v. Judy, 4 Mo. 361. (8) The court erred in granting plaintiff a new trial on the ground of newly-discovered evidence, because plaintiff's application does not comply with any of the rules laid down by the authorities. Courts are reluctant to grant new trials on this ground. State v. Bybee,

supra; State v. Sansone, 116 Mo. 1; Cook v. Railroad, 56 Mo. 38.

*Lee Merriwether* for respondent.

(1) An order granting a new trial will not be reversed on appeal even though the Supreme Court may be of the opinion that the error was not sufficient to require a reversal of the judgment. Bunyan v. Railroad, 127 Mo. 12.    (2) The granting or refusing of a new trial is a matter entirely in the discretion of the trial court.    "The true rule is to leave these matters of practice to the sound judgment of the trial court." In appeals from the action of a trial court in granting new trials on account of errors in law committed, the Supreme Court must assume, if error was committed, that the trial court regarded it as prejudicial.    And though the error may not have been sufficient to reverse a judgment, yet the Supreme Court must presume that the court, with its better knowledge of the trial and the effect the error may have had upon the result, acted correctly.    Bunyan v. Railroad, supra; Mayor of Liberty v. Burns, 114 Mo. 436; Bray v. Kremp, 113 Mo. 552.

MARSHALL, J.—Appeal from an order granting the plaintiff a new trial.    The plaintiff, an employee of the defendant, was injured by the fall of a derrick, in consequence of the use of an alleged insufficient or defective rope.    The answer is a general denial, with a plea of negligence of a fellow-servant.    The reply is a general denial.

The case is here upon what is designated a complete record.    But neither the testimony nor the instructions are preserved in the record.

The bill of exceptions contains the following recitals:

"The plaintiff introduced evidence tending to sustain the issues on his part and to support the allegations in his petition, and rested his prima facie case.

"The defendants then introduced evidence tending to sustain the issues on their part, and to support the allegations of their answer, and rested.

"The plaintiff then introduced evidence tending to rebut the evidence and defense of the defendants.

"Then, and about the hour of one o'clock p. m. of Wednesday, the first day of March, 1899, a day in said February term of this court, Mr. Meriwether, attorney for the plaintiff, addressed the court and the following colloquy and further proceedings occurred:

"Mr. Meriwether: If the court please, I have one more witness. I observe it is about one o'clock and I would like to have the privilege of placing one witness on the stand after recess.

"The Court: Can't you put him on now?

"Mr. Meriwether: He is not here. He is a doctor. That will be my last witness.

"The Court: Very well; will you gentlemen have your instructions ready at two o'clock, then?

"Whereupon the court discharged the witnesses in the case, and took a recess until 2 p. m.

"At the hour of two o'clock p. m. of the same day, the court re-convened and the following further proceedings were had in this case:

"John Daniel Evans being duly sworn on the part of the plaintiff proceeded to testify as follows:

"Direct examination by Mr. Meriwther for plaintiff:

"Q.   Were you employed upon the Brown Building at Washington avenue and Twelfth street in St. Louis on the first of last June?   A.   Yes, sir.

"Mr. Blair: We insist, your Honor, on this objection, that this witness should not be allowed to testify. At the time the court took its recess, Mr. Meriwether distinctly stated that he closed his case reserving the right only to call one more witness, a medical expert; to this we agreed, and the court then

discharged all the witnesses and we are not prepared to meet any other evidence.

"The Court: Mr. Meriwether, I understood that you would have but one witness, and that a physician.

"Mr. Meriwether: I could not get the doctor, and I desire to place this witness upon the stand in rebuttal of one of the defendant's witnesses who is now here in the court-room.

"Mr. Blair: Well, your Honor, of course our understanding was that the case was closed except as to the one medical gentleman.

"The Court: Yes, it was a clean-cut understanding, but I do not think you will be damaged if it is merely rebutting testimony, but I will not permit anything else, and it must be in connection with the witness now in court.

"Mr. Blair: It may be that this testimony will affect the other witnesses.

"The Court: The counsel states not. It was a distinct understanding here, and upon that understanding I discharged all the witnesses before recess.

"Mr. Meriwether: I did not become aware of this testimony until twenty minutes after the adjournment of court.

"The Court: I had meant to finish this case before the recess, and discharged all the witnesses accordingly.

"Mr. Meriwether: I will place only one witness on the stand, and will not take as long in examining him as I should have taken with the physician and he will testify in rebuttal only of a witness now in the courtroom.

"Mr. Blair: We object, your Honor; the case was closed before the recess, as we understood it, with the exception of the rebuttal testimony upon the medical and surgical features of the case.

"The Court: I am not clear that if I admit this it will not be reversible error; because the case was closed at the recess hour, with the exception of the medical witness.

"Mr. Meriwether: It is true that I mentioned the fact that I expected the one more witness to be a physician. That was my expectation, and if the doctor were here I should place him on the stand; but I maintain your Honor that the courts are here to further justice and not to split technicalities, and there can be no possible detriment done the defendant's case when I state that I will ask this witness to testify upon a direct statement made by the defendant's witness who is now in this courtroom, and which will affect no other witness.

"Mr. Blair: We submit, your Honor, that this case has been closed. It is now, according to the counsel and the order of the court, submitted to the jury with the exception of such surgical testimony as Mr. Meriwether may wish to recall in rebuttal of other surgical testimony. It was upon that theory that we told all our witnesses that they need not return any more, and we are not prepared to meet anything else; we are not prepared to have anything else in the case.

"The Court: Mr. Andrews, did you take the statement of Mr. Meriwether before recess?

"The stenographer read the statement indicated.

"Mr. Blair: And upon that statement we agreed to the case being closed with the exception of the surgical witness and to all the other witnesses being discharged.

"The Court. The record may show that Mr. Blair agreed to that and the witnesses might all be discharged on the understanding that Mr. Meriwether at two o'clock would call one witness, a medical gentleman.

"Mr. Blair: This gentleman whom Mr. Meriwether wishes to call has been in the courtroom all of to-day and all of yesterday.

"The Court: The court sustains the objection. I do not think there is anything technical about it. This testimony now sought to be introduced may involve the testimony of several witnesses who have now been discharged upon your distinct understanding, and, while it may appear as if it was

a hardship, yet you may have placed yourself in that position and I certainly can not allow the other side to suffer because you asked me, on that distinct understanding, to defer the further hearing of the case until two o'clock.

"And these were all the proceedings that were had at the trial of said cause in connection with the exclusion of the testimony of John Daniel Evans.

"The court then in writing instructed the jury upon the law of the case, and after arguments addressed by the counsel to the jury on behalf of both sides, the jury retired to consider their verdict and thereafter on March 2, 1899, the jury returned into the court their verdict for the defendants."

The bill of exceptions then contains the motion for a new trial in full; the sustaining thereof, "on the ground that the court erred in excluding the evidence of the witness John D. Evans produced on the behalf of plaintiff," with the defendants' exception.

The abstract of the record contains all that the record does, except that it states only the eighth ground assigned in the motion for a new trial.

## I.

Upon this record a reversal of the action of the circuit court in granting a new trial is asked. Appellant treats the case as one of a motion for a new trial based upon newly discovered evidence, and upon that hypothesis shows that the plaintiff has failed to comply with the rules of law established by a long line of decisions in this State, in this, *inter alia*, that he has not shown diligence, that he has not filed the affidavit of the newly-discovered witness showing what he would testify to, that he has not shown the newly-discovered evidence is not merely cumulative or would simply tend to impeach some witness who testified in the case, and that he has not shown that the verdict is unjust or that he had a meritorious cause of

action, which the newly-discovered evidence would tend to establish.

But those rules of law do not apply to this case. For here the witness was in court, was produced by the plaintiff, and upon defendants' objection he was not permitted to testify at all. So that the question here is whether the court erred in refusing to allow the witness to testify at all. The record shows that during the progress of the plaintiff's case, in rebuttal, and when within a few minutes of the noon recess hour, and before the plaintiff had rested his case, the plaintiff's counsel stated that he had one more witness to examine and would like to have the privilege of putting him on the stand after recess. Upon the court asking if he could not put him on the stand then, counsel stated that he was not in court; that he was a doctor—and that he would be his last witness. Thereupon the court directed counsel to have their instructions ready by two o'clock, discharged the witnesses in the case, and took a recess until two o'clock. Upon the reassembling of the court, the plaintiff did not put the doctor upon the stand, but instead put the former foreman of the defendant upon the stand, whose testimony the plaintiff first heard of during the recess, and after stating that he was so employed, defendant's counsel objected to the witness being permitted to testify at all, upon the ground that plaintiff had reserved only the right to call one more witness, a medical expert, to which defendant had agreed, and that as the court had discharged all the witnesses, the defendant was not prepared to meet any other evidence. Thereupon plaintiff's counsel stated: "I could not get the doctor, and I desire to place this witness upon the stand in rebuttal of one of the defendant's witnesses who is now here in the courtroom." After further colloquy and objection that it might be that the testimony would affect other witnesses, and after the court had called attention to the fact that counsel for plaintiff stated that it would not affect any other witness except the one in court (stated in the briefs to

be the defendant himself), the court refused to allow the witness to testify.

It is clear that in so ruling the learned trial judge was in error, and it is equally clear that the judge was right in correcting this error when his attention was called to the error by the motion for a new trial.   For, if the proposed testimony of this witness would affect only the testimony of a witness for the defendant who was still in court, the defendant could not be unlawfully prejudiced, or if the proposed testimony affected the testimony of any other witness for the defendant who had been discharged and was no longer in court, the defendant could not be unlawfully prejudiced.   And for this manifest reason—the witness was called by the plaintiff *in rebuttal,* and, hence, his testimony was only admissible, and should be strictly confined to matters, in rebuttal of the testimony of the defendant's witnesses.   Therefore, whether the defendant's witnesses were in court or not, they could not be allowed to again take the stand and deny what the plaintiff's witnesses in rebuttal had testified to.   Testimony in rebuttal should be carefully and strictly limited to disproof of the testimony adduced by the defendant.   And when this is done, the matter is ended and the case should be closed, for there is then an affirmance of a fact by the defendant and the denial of that fact by the plaintiff.   Plaintiff's counsel distinctly stated that the testimony he offered in rebuttal would only tend to contradict evidence offered by the defendant, and this being so, it was strictly within the rule relating to and governing evidence in rebuttal, and the court had no right to exclude it.   It must be carefully noted, that this is not a case where the plaintiff asked to have the case reopened after it had been submitted, nor yet where the plaintiff before a final submission asked leave to introduce evidence that was properly evidence in support of the plaintiff's case in chief.   In such cases a totally different rule obtains.   The court should have permitted this

Vol 167 mo—38

witness to testify, but should have limited his testimony strictly to matters in rebuttal.

It is argued, however, that the plaintiff lost his right to call this witness by reason of his statement before recess that he would call only one more witness—a doctor—after recess, and that it was upon the faith of this agreement or statement that the court adjourned before its usual recess hour, and that without this the court would have enforced a submission of the case before taking a recess.

Conceding that the plaintiff had no right to call any witness after recess except a doctor, and conceding that in calling this witness instead of a doctor the plaintiff could only do so by leave of court, after the explanation given by the plaintiff that he did not learn of the existence of the proposed evidence until during the recess, the court, in the exercise of a sound judicial discretion, should have heard the testimony.    The testimony has not been preserved by the record, so that it can not now be determined whether the witness's testimony would have been cumulative or not, or what bearing it would have had upon the case.    If the rules of law had been properly enforced the witness could only have testified to matters in rebuttal.    It is not what the witness might or might not have said that constitutes the gravamen of the complaint here— it is the fact that he was not permitted to testify at all.

Without considering any other matter so learnedly discussed by counsel, it follows from the foregoing that the circuit court was right in granting a new trial, as a matter of law, independent of any matter of discretion, and hence, the judgment is affirmed.    All concur, except *Valliant, J.,* absent.